■ JUAN JIMENEZ et al., Appellants, v RAMON A. ROJAS et al., Respondents. [810 NYS2d 449]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered June 7, 2004, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The injured plaintiff, a pedestrian, was struck by a van and was transported to a local hospital for examination, including x-rays and a CT brain scan, and emergency treatment to close a scalp wound, and was released the same day. The x-rays showed no fractures or dislocations, but did reveal a condition indica-

tive of degenerative cervical spine disease, and osteophyte formation and degenerative sclerosis in the shoulder.

Plaintiffs commenced this action alleging that the accident caused permanent cervical spine and right shoulder injury. Defendants moved for summary judgment on the ground that the injured party had not sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). They satisfied their initial burden of making a prima facie showing of no serious injury through the submission of affirmed reports by two doctors detailing the objective tests performed and the findings thereof, thus shifting to plaintiffs the burden of coming forward with sufficient admissible evidence to raise a triable question of fact (*see Gaddy v Eyler*, 79 NY2d 955 [1992]).

In opposition to the motion, plaintiffs presented an affidavit from a chiropractor who first saw the injured party two years after the accident and found him to be suffering from a permanent reduction in range of motion of the cervical spine, with muscle spasms in the cervical region, as well as tenderness in the right shoulder and rotator cuff, causing diminished rotation and abduction. However, since no objective findings of the injured plaintiff's purported loss of range of motion to his cervical spine were made until more than two years after the accident, there was a failure of proof relating to the range-of-motion restrictions in that region (*see Thompson v Abbasi*, 15 AD3d 95, 98-99 [2005]).

In any event, since the x-rays performed on the injured party at the hospital immediately after the accident indicated preexisting degenerate cervical spine disease, plaintiffs were required to "rebut that evidence sufficiently to raise an issue of fact" (*Pommells v Perez*, 4 NY3d 566, 579 [2005]). Consequently, there is no objective basis for concluding that the present physical limitations and continuing pain are attributable to the subject accident rather than to the degenerative condition discovered in the hospital x-rays. In the absence of objective evidence as to how these disabilities and pain were causally related to the accident, as opposed to degenerative changes in the body (*see id.* at 580), the motion for summary dismissal was properly granted. Concur—Tom, J.P., Mazzarelli, Andrias, Nardelli and Malone, JJ.