■ PERRY BLACKMON et al., Appellants, v CHARLES M. DINSTUHL et al., Respondents, et al., Defendant. [810 NYS2d 79]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered December 30, 2004, which granted defendants' motions for summary judgment and dismissed the complaint as to all defendants, unanimously affirmed, without costs.

Defendants met their burden of presenting objective medical evidence that the injured plaintiff had not suffered a serious physical injury as defined in Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]). Plaintiffs failed to meet their burden, in turn, of supporting the claim of serious injury by producing objective, contemporaneous and qualitative medical evidence regarding alleged range-of-motion limitations causally related to the accident (*see Toulson v Young Han Pae*, 13 AD3d 317 [2004]). Nor did plaintiffs present competent evidence of a nonpermanent injury that prevented performance of substantially all the material acts constituting usual and customary daily activities for at least 90 days during the 180-day period immediately following the accident (§ 5102 [d]). The restriction must be "to a great extent rather than some slight curtailment" (*Licari v Elliott*, 57 NY2d 230, 236 [1982]). Perry Blackmon's affidavit submitted in opposition clearly contradicts his own deposition testimony, and appears to have been tailored to avoid the consequences of that testimony. As such, it is insufficient to raise a triable issue of fact (*Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000]). In view of the foregoing, there is no need to reach the issue of liability. Concur—Tom, J.P., Friedman, Nardelli, Williams and Sweeny, JJ.