■ WANDA LOPEZ, Respondent, v ADLIN M. SIMPSON, Also Known as ADLIN M. HARRIS, Appellant, et al., Defendant. [835 NYS2d 98]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered December 30, 2005, which, in an action for personal injuries sustained in a car accident, insofar as appealed from, denied defendant-appellant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, the complaint dismissed as against defendant-appellant, and, upon a search of the record, as against the codefendant as well. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff fails to raise an issue of fact as to whether she sustained a serious injury in response to defendant's showing that, 19 months after the accident, cervical and lumbar strains had resolved with "above normal" and "excellent" range of motion. While plaintiff submitted evidence of pain and herniated and bulging discs, she failed to submit the requisite contemporaneous quantitative assessment of range-of-motion limitations based on objective testing (*see Atkinson v Oliver*, 36 AD3d 552 [2007], citing, inter alia, *Toulson v Young Han Pae*, 13 AD3d 317 [2004]). Rather, the objectively tested range-of-motion limitations submitted by plaintiff were not assessed until two years after the accident, too remote to raise an issue of fact as to whether the limitations were caused by the accident (*see Atkinson*, citing, inter alia, *Vaughan v Baez*, 305 AD2d 101 [2003]; *see also Thompson v Abbasi*, 15 AD3d 95, 98-99 [2005]). Nor does plaintiff raise an issue of fact as to whether she experienced any substantial curtailment of her daily activities for 90 out of the 180 days following the accident (*see Hewan v Callozzo*, 223 AD2d 425 [1996]). Aside from the lack of contemporaneous medical evidence showing the severity of plaintiff's injuries, it is undisputed that plaintiff, a police officer, went to work the day after the accident, and, although put on limited duty for several months, never missed any work (*see Licari v Elliott*, 57 NY2d 230, 238-239 [1982]; *Thompson*, 15 AD3d at 101; *Atkinson*, 36 AD3d at 553; *see also Grimes-Carrion v Carroll*, 17 AD3d 296, 297 [2005]). Although the codefendant did not file a notice of appeal from the denial of her own motion for summary judgment, we also grant her summary judgment because, obviously, if plaintiff cannot meet the threshold for serious injury against one defendant, she cannot meet it against the other (*see Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-112 [1984]). Concur—Mazzarelli, J.P., Andrias, Friedman, McGuire and Malone, JJ.