■ Tamara Norona, Appellant, v Manhattan and Bronx Surface Transit Operating Authority et al., Respondents. [836 NYS2d 188]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered March 1, 2006, which, in an action for personal injuries sustained by plaintiff while a passenger in defendants' bus, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants made a prima facie showing that plaintiff sustained no serious injuries with (1) the affirmation of a physician who examined plaintiff seven years after the accident and concluded, after fairly describing the various range-of-motion tests he performed and their qualitatively normal results, that there was no objective basis for plaintiff's complaints of pain (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Navedo v Jaime*, 32 AD3d 788, 788-789 [2006]), (2) plaintiff's bill of particulars indicating that she was confined to bed and home for only "several days" after the accident, and (3) a record that, except for plaintiff's vague deposition testimony that she could not do "thousands of things" she had done before the accident, is devoid of evidence that plaintiff was prevented from performing substantially all of her customary activities during the 90/180 period (*see Uddin v Cooper*, 32 AD3d 270, 271 [2006], *lv denied* 8 NY3d 808 [2007]). Indeed, the only medical evidence in the record bearing on plaintiff's medical condition during the

90/180 period are those of the hospital she visited for several months after the accident, which include x rays taken immediately after the accident that revealed no fractures or dislocations but did reveal "slight" or "mild" degeneration of the lumbar spine (*see Jimenez v Rojas*, 26 AD3d 256, 257 [2006] [no objective basis for concluding that continuing pain attributable to accident rather than degenerative condition discovered in hospital x rays]). Plaintiff's opposition, which adduced no medical evidence whatsoever and consisted mainly of her wavering testimony concerning the amount of time she was confined to bed and home, failed to raise an issue of fact (*see Thompson v Abbasi*, 15 AD3d 95, 101 [2005]). Concur—Mazzarelli, J.P., Marlow, Gonzalez, Catterson and Kavanagh, JJ.