JAMAAL K. LLOYD et al., Appellants, v BURNETT L. GREEN et al., Respondents. [846 NYS2d 29]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered December 11, 2006, which denied plaintiff's motion for renewal, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about June 28, 2006, which granted defendants' motion for summary judgment dismissing the complaint, unanimously dismissed, without costs.

The appeal from the earlier order is dismissed, as the court did not render a decision based on a complete record. The subsequent order, which in effect adhered to the prior determination, was based on a complete record.

Defendants satisfied their burden of establishing prima facie entitlement to summary judgment, on the ground that there was no "serious injury" under Insurance Law § 5102 (d), by submitting Dr. Epstein's sufficiently detailed affidavit in which he concluded that although the injured plaintiff's "condition" was caused by the November 28, 2003 accident, no permanent injury was sustained thereby (*see Perez v Hilarion*, 36 AD3d 536 [2007]). Defendants also submitted a copy of the injured plaintiff's deposition in which he admitted attending classes on the Monday after the accident and continued going to classes thereafter; in short, he was able to perform his usual and customary daily activities after the accident (*see Uddin v Cooper*,

32 AD3d 270, 271 [2006], *lv denied* 8 NY3d 808 [2007]; *Copeland v Kasalica*, 6 AD3d 253, 254 [2004]).

Although the cervical MRI indicated a herniated disc, which may constitute a serious injury, an injured plaintiff "must still offer some objective evidence of the extent or degree of his alleged physical limitations and their duration, resulting from the disc injury" (*Arjona v Calcano*, 7 AD3d 279, 280 [2004]). The affirmed report submitted by plaintiffs' medical expert fails to identify or describe the objective medical tests employed in measuring the alleged restrictions in range of motion, or to pinpoint the injured plaintiff's "muscle spasm, with trigger points" (*Shaw v Looking Glass Assoc., LP*, 8 AD3d 100, 103 [2004]). Findings based on subjective complaints of pain are simply insufficient to raise a triable issue under section 5102 (d) (*see Arrowood v Lowinger*, 294 AD2d 315, 316 [2002]). Plaintiffs' submissions also lacked objective findings of restriction contemporaneous with the accident (*see Thompson v Abbasi*, 15 AD3d 95, 98 [2005]). Without more, the allegations raised in the injured plaintiff's affidavit—that he was unable to participate on the school's track team, or engage in other recreational sports—were insufficient to raise a triable issue that he did, in fact, sustain a serious injury under the statute (*see Grimes-Carrion v Carroll*, 17 AD3d 296, 297 [2005]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Lippman, P.J., Andrias, Nardelli, Gonzalez and Kavanagh, JJ.