SHANDA BATTS, Appellant, v MEDICAL EXPRESS AMBULANCE CORP. et al., Respondents. [853 NYS2d 54]—

Defendants satisfied their burden of establishing prima facie entitlement to summary judgment on plaintiff's claims of permanent and significant limitations by submitting the affirmation of their expert orthopedist. Although defendants initially submitted the affirmation unsigned, the court properly permitted them to serve a signed, otherwise identical, copy of the affirmation with their reply papers, which caused no prejudice to plaintiff (*see Aguilar v N.Y.C. Water Works*, 298 AD2d 245 [2002]; *DiLeo v Blumberg*, 250 AD2d 364, 365 [1998]).

Plaintiff's unsworn MRI report noting a disc herniation at L5-S1 was admissible, as it was cited in the affirmations of both plaintiff's and defendants' medical experts (*see Pommells v Perez*, 4 NY3d 566, 577 n 5 [2005]). However, in the absence of additional objective medical evidence of attendant significant physical limitations, it failed to establish an issue of fact (*see Lloyd v Green*, 45 AD3d 373, 374 [2007]). The finding of a limited range of motion in plaintiff's lumbar spine was not made as a result of a medical examination until nearly 15 months after the accident and is too remote to raise a triable issue as to causation (*see Lopez v Simpson*, 39 AD3d 420, 421 [2007]; *Lloyd* at 374). Moreover, plaintiff offered no expert assessments, either quantitative or qualitative, of the condition of his cervical spine and left shoulder (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]).

Defendants' objective medical evidence indicating that plaintiff did not suffer disabling injuries as a result of the accident established their prima facie entitlement to summary judgment on plaintiff's claim that he experienced substantial curtailment of his daily activities for 90 of the first 180 days following the accident (*see Lloyd*, 45 AD3d at 373-374; *Lopez*, 39 AD3d at 421). In opposition, plaintiff failed to raise a triable issue of fact in the form of competent objective evidence substantiating his 90/180-day claim (*see Ortega v Maldonado*, 38 AD3d 388 [2007]). Concur—Mazzarelli, J.P., Saxe, Gonzalez and Acosta, JJ.