■ VIVIANA MEDINA et al., Plaintiffs, and IRIS DEDOS, Appellant, v CRECENCIO MEDINA, Defendant, and JAMES M. GUTIERREZ, Respondent. [853 NYS2d 77]—

There is no merit to plaintiff's argument that defendant's prima facie showing was rendered deficient by his physician's acknowledgment that a bulging disc was revealed by the MRI of plaintiff's lumbar spine taken shortly after the accident (*see Lloyd v Green*, 45 AD3d 373 [2007]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]). In opposition, plaintiff adduced no medical evidence of impingement or other neurologic deficits that could be attributed to a bulging disc, and the objectively tested range of motion limitations noted in plaintiff's lumbar spine, as well as her cervical spine, left knee and shoulder, were not assessed until nearly five years after the accident, too remote to raise an issue of fact as to whether the restrictions were caused by the accident (*see Lopez v Simpson*, 39 AD3d 420 [2007]). The excerpts from an arthoscopic operative report on plaintiff's left knee, included in plaintiff's bill of particulars, indicates only a partial tear of the anterior cruciate ligament, and there is no evidence that surgical repair of the knee was performed. We have considered plaintiff's 90/180-day claim and find that it too lacks merit. Concur—Mazzarelli, J.P., Saxe, Friedman and Nardelli, JJ.