■ Kiran Ali et al., Respondents, v Zahid R. Khan et al., Appellants. (And a Third-Party Action.) [857 NYS2d 70]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered on or about September 28, 2007, which denied defendants' motion for summary judgment dismissing so much of the complaint as brought by plaintiffs Ali and Akhtar for lack of the requisite serious injury, unanimously reversed, on the law, without costs, and the motion granted and the complaint dismissed as to those plaintiffs. The Clerk is directed to enter judgment accordingly.

Defendants met their burden of demonstrating that Ali and Akhtar did not sustain serious injuries as defined in Insurance Law § 5102 (d), and these plaintiffs failed to produce prima

facie evidence in admissible form to support such claim (*see Licari v Elliott*, 57 NY2d 230 [1982]). Neither of these plaintiffs presented competent medical evidence contemporaneous to the time of the accident showing the condition of her lumbar and cervical spine (*see Petinrin v Levering*, 17 AD3d 173 [2005]). Where the only objective evidence of limitation of motion is contained in a report of an orthopedist who examined the plaintiff several years after the accident, the finding is "too remote to raise an issue of fact as to whether the limitations were caused by the accident" (*Lopez v Simpson*, 39 AD3d 420, 421 [2007]). Nor was there any contemporaneous "admissible evidence that [either] plaintiff was ever diagnosed by her treating physician with a fracture that resulted from this accident" (*O'Bradovich v Mrijaj*, 35 AD3d 274, 275 [2006]). Inasmuch as the claimed spinal injuries were nonpermanent in nature, plaintiffs failed to proffer any objective evidence of the persistence of these injuries during the statutory 90/180-day period that caused them to curtail performance of their usual and customary activities (*see Norona v Manhattan & Bronx Surface Tr. Operating Auth.*, 40 AD3d 480 [2007]). Concur—Mazzarelli, J.P., Andrias, Friedman and Sweeny, JJ.