■ MARC CURTIS, Appellant, v EDMOND BRENT, Respondent. [859 NYS2d 116]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered June 7, 2007, which granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Plaintiff's verified bill of particulars, medical records, and deposition testimony and defendant's expert's affirmed report established prima facie that plaintiff did not sustain a serious injury, but rather cervical, lumbar and left shoulder strains, which had resolved as of 16 months after the accident, and that he was not prevented, for 90 of the 180 days following the accident, from performing his usual and customary activities (*see Lopez v Simpson*, 39 AD3d 420 [2007]; *Norona v Manhattan & Bronx Surface Tr. Operating Auth.*, 40 AD3d 480 [2007]; *Style v Joseph*, 32 AD3d 212, 214 n [2006]). Plaintiff's experts' reports provide neither quantitative nor qualitative assessments of the seriousness of plaintiff's injuries (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]), and contain no competent medical evidence that he sustained a medically determined injury of a nonpermanent nature (*see id.* at 357; *Lopez*, 39 AD3d at 421; *Norona*, 40 AD3d at 480-481). Concur—Tom, J.P., Andrias, Nardelli and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARWAN SIDBERRY, Appellant. [857 NYS2d 548]—Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered August 8, 2005, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification, particularly where the evidence included a prompt identification and the recovery of prerecorded buy money from defendant's person. The inconsistencies in testimony cited by defendant do not warrant disturbing the verdict. Concur—Tom, J.P., Andrias, Nardelli and Williams, JJ.