■ Isabel Danvers, Respondent-Appellant, v New York City Transit Authority et al., Appellants-Respondents. [869 NYS2d 41]—

Plaintiff failed to make out a prima facie case of serious injury under either a quantitative or qualitative analysis (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]). Concerning her lumbar spine, while plaintiff submitted evidence of herniated and bulging discs and a history of pain, an objective assessment of her range-of-motion limitations was not made until more than five years after the accident, too remote to permit an inference that her limitations were caused by the accident (*see Medina v Medina*, 49 AD3d 335 [2008]). Concerning her ankle, the arthroscopic surgery performed eight months after the accident to repair a partially torn ligament and a history of pain do not by themselves establish a serious injury (*see O'Bradovich v Mrijaj*, 35 AD3d 274 [2006]), and, once again, the only objective evidence of range-of-motion limitations was produced by tests too remote in time from the accident to permit an inference that plaintiff's present limitations were caused by the accident. In any event, plaintiff's evidence reveals an unexplained gap of two years and nine months in her primary physician's treatment, negating any showing of serious injury (*see Otero v 971 Only U, Inc.*, 36 AD3d 430 [2007]). Concur—Andrias, J.P., Nardelli, McGuire, Moskowitz and Renwick, JJ.