■ ANA REYES, Respondent, v ANDRES BRITO, Appellant. [869 NYS2d 495]—

Defendant made a prima facie showing that the motor vehicle accident did not cause plaintiff to suffer a serious injury, as defined by Insurance Law § 5102 (d) (*see Lesocovich v 180 Madison Ave. Corp.*, 81 NY2d 982, 985 [1993]). Defendant presented admissible evidence that a neurological examination found no disabling injuries. Any abnormalities in the lumbar and cervical spine, as revealed by MRIs taken shortly after the accident, were the result of a degenerative process. In opposition, plaintiff failed to raise a triable issue of fact on this point. The affirmation of her treating doctor made no effort to address, much less rebut, the finding by defendant's radiologist that the condition of plaintiff's lumbar and cervical spine was attributable to preexisting degeneration rather than to this accident. Therefore, no causal connection was established between the MRI findings and the accident (*see Pommells v Perez*, 4 NY3d 566, 579-580 [2005]; *Charley v Goss*, 54 AD3d 569, 571-572 [2008]), and no issue of fact exists as to whether the accident might have caused a permanent consequential or significant limitation of the use of a body function or system. Plaintiff also failed to raise an is-

sue of fact as to whether the accident rendered her incapable of performing usual and customary activities during at least 90 of the next 180 days (*see Batts v Medical Express Ambulance Corp.*, 49 AD3d 294, 295 [2008]). Concur—Friedman, J.P., Sweeny, McGuire, Renwick and Freedman, JJ.