(February 10, 2009)

■ Milton Valentin, Respondent, v Francesco Pomilla et al. Defendants, and Marcos Alonzo, Appellant. [873 NYS2d 537]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered on or about November 26, 2007, which denied defendants' motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Defendants established prima facie that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) by submitting a radiologist's affirmed report that plaintiff's MRI films revealed evidence of degenerative disc disease predating the accident and no evidence of post-traumatic injury to the disc structures (*see Perez v Hilarion*, 36 AD3d 536, 537 [2007]). In opposition, plaintiff failed to raise an inference that his injury was caused by the accident (*see Diaz v Anasco*, 38 AD3d 295 [2007]) by not refuting defendants' evidence of a preexisting degenerative condition of the spine. Missing from all of plaintiff's submissions is any mention of the congenital defect at the S1 vertebral level and degenerative condition of plaintiff's lumbar spine reported by Dr. Eisenstadt or the preexisting degenerative changes in his right knee and degenerative menis-

cal tears in both posterior horns of both menisci reported by plaintiff's own experts, Drs. Lubin and Rose, in their initial evaluation of plaintiff's right knee shortly after the accident (*see Pommells v Perez*, 4 NY3d 566, 580 [2005]).

With regard to his claim that the evidence submitted by him was sufficient to raise an inference that he suffered injuries that were caused by the accident, plaintiff asserts that his MRIs of the cervical and lumbar spine revealed disc herniation at L4-5 and L5-S1 and disc bulging at C4-C5, and that EMGs revealed L5-S1 radiculopathy. However, "[a] herniated disc, by itself, is insufficient to constitute a 'serious injury'; rather, to constitute such an injury, a herniated disc must be accompanied by objective evidence of the extent of alleged physical limitations resulting from the herniated disc" (*Onishi v N & B Taxi, Inc.*, 51 AD3d 594, 595 [2008]). Plaintiff also contends that the MRI of his right knee revealed a medial meniscal tear, for which he ultimately underwent arthroscopy. Again, he makes no mention of the degenerative nature of that condition.

In addition, plaintiff argues that his chiropractor Dr. Zeren's affidavit set forth objective quantified evidence of the degree of limitation and permanency of the injuries sustained by him. Notably, he contends Dr. Zeren found positive straight-leg testing during plaintiff's May 30, 2007 examination (*see Brown v Achy*, 9 AD3d 30, 31-32 [2004]), and that plaintiff was also noted to have decreased limitation of motion of the lumbar and cervical spine (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]).

However, plaintiff's reliance on Dr. Zeren's affidavit is misplaced. Although he presumably saw plaintiff just days after the accident, Dr. Zeren failed to provide documentation regarding *that* visit or any contemporaneous evidence of limitations. In this regard, there were no contemporaneous limitations shown regarding the accident—at most, some limitations were purportedly measured by Dr. Hausknecht two months after the accident (*see Thompson v Abbasi*, 15 AD3d 95, 98 [2005] ["despite the positive MRI findings as to plaintiff's cervical spine two months after the accident, there are no objective findings *contemporaneous* with the accident showing any initial range-of-motion restrictions on plaintiff's cervical spine" (emphasis added)]). Even if Dr. Hausknecht's report was considered contemporaneous, the limitations concerned only lateral flexion of the cervical spine and forward flexion of the lumbar spine, and were minor. In addition, Dr. Hausknecht failed to address whether plaintiff's condition was causally related to the motor vehicle accident at issue.

The most significant flaw in plaintiff's arguments is his failure to address causation. "To recover damages for noneconomic loss related to personal injury allegedly sustained in a motor vehicle accident, the plaintiff is required to present nonconclusory expert evidence sufficient to support a finding not only that the alleged injury is 'serious' within the meaning of Insurance Law § 5102 (d), but also that the injury was causally related to the accident. Absent an explanation of the basis for concluding that the injury was caused by the accident, as opposed to other possibilities evidenced in the record, an expert's conclusion that plaintiff's condition is causally related to the subject accident is mere speculation, insufficient to support a finding that such a causal link exists" (*Diaz v Anasco*, 38 AD3d at 295-296 [internal quotation marks and citations omitted]).

Here, not only did plaintiff's experts fail to refute defendants' evidence of a preexisting congenital and degenerative condition of the spine, his own doctors reported a degenerative condition of the right knee. Dr. Rose's failure even to mention, let alone explain, why he ruled out degenerative changes as the cause of plaintiff's knee and spinal injuries rendered his opinion that they were caused by the accident speculative (*see Gorden v Tibulcio*, 50 AD3d 460, 464 [2008]). Consequently, there is no objective basis for concluding that the present physical limitations and continuing pain are attributable to the subject accident rather than to the degenerative condition (*see Jimenez v Rojas*, 26 AD3d 256, 257 [2006]). In *Pommells v Perez* (4 NY3d 566 [2005], *supra*), where, as here, there was persuasive evidence that the plaintiff's alleged pain and injuries were related to preexisting degenerative conditions, the Court held that plaintiff had the burden of coming forward with evidence addressing the defendants' claimed lack of causation. In the absence of such evidence, the defendants are entitled to summary dismissal of the complaint (*id.* at 580; *see also Franchini v Palmieri*, 1 NY3d 536, 537 [2003]; *Licari v Elliott*, 57 NY2d 230, 237 [1982]).

Moreover, absent any objective medical evidence that his injuries were caused by the accident, plaintiff's statements that he was limited in his ability to exercise or perform personal maintenance were insufficient to establish his 90/180-day claim. Despite plaintiff's claim that he was confined to bed and home from the date of the accident to the present date and the conclusion of Dr. Hausknecht, who examined him during the statutory time period, that plaintiff was "totally disabled" and "I . . . advised him to restrict his activities," plaintiff still fails to offer competent medical proof that he could not perform substantially

all his daily activities for 90 of the first 180 days following the accident "because of an injury or impairment caused by the accident" (*Rossi v Alhassan*, 48 AD3d 270, 271 [2008]). Such statements are too general in nature to raise an issue of fact that plaintiff was unable to perform his usual and customary activities during the statutorily required time period and do not support any claim that plaintiff's confinement to bed and home was medically required (*see Gorden v Tibulcio*, 50 AD3d at 463).

Finally, although defendants Francesco Pomilla and Yvonne M. Pomilla did not appeal from the denial of their cross motion for summary judgment, upon a search of the record, we grant summary judgment to them pursuant to CPLR 3212 (b) (*see Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-112 [1984]). Concur—Lippman, P.J., Andrias, Saxe, Sweeny and DeGrasse, JJ.