■ LOURDES CRUZ, Appellant, v ROSENDO APONTE, Respondent. [874 NYS2d 442]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered December 18, 2007, which granted defendant's motion for summary judgment dismissing the complaint on the issue of threshold injury, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about December 17, 2007, which denied plaintiff's motion for summary judgment on the issue of liability, unanimously dismissed, without costs, as academic.

Defendant met his initial burden of demonstrating absence of any permanent or significant consequential physical limitations to plaintiff's right knee by submitting the affirmed reports of a radiologist who opined that no meniscal tears were shown in the MRI, and an orthopedist who found no significant limitation in range of motion. The radiologist did observe a "vague linear signal change . . . in the posterior horn of the lateral meniscus" that was "most likely indicative of grade II mucoid degenerative signal change," and the orthopedist noted that a minor limitation in range of motion was attributable to plaintiff's obesity.

In opposition, plaintiff submitted the affirmation of a physician who, relying on an MRI report prepared shortly after the accident, found multiple meniscal tears of the right knee, for which surgery would be indicated if plaintiff could lose weight, and opined that the tears and limitations were traumatic in origin. The physician also concluded, based on an examination

conducted more than three years after the accident, that objective tests demonstrated significantly limited range of motion. However, his examination, unaccompanied by the requisite quantitative assessment of range-of-motion limitations based on objective testing contemporaneous to the time of the accident, was insufficient to raise an issue of fact as to serious injury (*Lopez v Simpson*, 39 AD3d 420 [2007]). Nor did he address the findings of degenerative change in the knee made by both defendant's radiologist and a radiographer who reported to the clinic that treated plaintiff after the accident (*Style v Joseph*, 32 AD3d 212 [2006]; *see Mullings v Huntwork*, 26 AD3d 214, 216 [2006]). Accordingly, plaintiff failed to raise an issue of fact as to whether she suffered the type of injury from the 2004 accident that constituted a permanent consequential limitation of the use of her right knee.

With respect to the 90/180-day serious-injury claim, defendant met his initial burden by relying on plaintiff's deposition testimony that she was unable to perform her usual and customary activities for just five weeks following the accident. In opposition, plaintiff submitted an affidavit stating she was so restricted for five *months*, but the affidavit clearly contradicts her deposition testimony, and appears to have been tailored to avoid its consequences (*see Blackmon v Dinstuhl*, 27 AD3d 241 [2006]). Even assuming the deposition testimony was in error, plaintiff's affidavit was unsupported by "competent medical proof that directly substantiated the claim" that she could not perform substantially all her daily activities for 90 of the first 180 days following the accident due to a nonpermanent injury or impairment as a result of the accident (*see Uddin v Cooper*, 32 AD3d 270, 272 [2006], *lv denied* 8 NY3d 808 [2007]). Therefore, the alternate serious injury claim was also properly dismissed, rendering the issue of liability academic. Concur—Tom, J.P., Moskowitz, Renwick and Freedman, JJ.