■ DEYSI DEPENA, Respondent-Appellant, v MOHAMED SYLLA et al., Appellants-Respondents. [880 NYS2d 641]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered January 9, 2009, which granted defendants' motion for summary judgment dismissing the complaint alleging serious injury only to the extent it sought to dismiss the 90/180-day claim, unanimously modified, on the law, without costs, to grant the motion in its entirety. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Defendants established prima facie that plaintiff did not sustain a permanent consequential or significant injury, by submitting the affirmations of an orthopedist, neurologist and radiologist who found that the knee and shoulder conditions were degenerative in origin and did not cause significant limitations, that the lumbar spine condition was preexisting, and that there were no limitations in range of motion of the cervical spine (*see Valentin v Pomilla*, 59 AD3d 184 [2009]). The conflict between the neurologist's findings of normal range of motion and the orthopedist's findings of limited range of motion in plaintiff's lumbar spine does not require denial of the motion, since defendants submitted sufficient evidence to establish that any lumbar injury was the result of an earlier work accident and surgery.

Plaintiff failed to submit sufficient evidence to raise an issue of fact as to any of the alleged injuries. As to her right knee, a radiologist, Dr. Lubin, reported that an MRI taken after the accident showed "[g]rade II linear signal abnormality within the posterior horn of the medial meniscus likely representing degenerative changes." Defendants' radiological expert similarly opined that the MRI showed degenerative changes but no evidence of acute or recent injury. While plaintiff's orthopedic surgeon, Dr. Silverman, opined that the knee condition resulted from the accident, he failed to address the medical findings of degenerative change by the radiologists and provided no support for his conclusion (*see Valentin, supra*; *Cruz v Aponte*, 60 AD3d 431 [2009]).

Dr. Silverman also failed to address defendants' experts' findings that plaintiff's restricted range of motion in the lumbar spine was attributable to her prior surgeries and that her shoulder showed evidence of degenerative changes and no limitation in range of motion. Although plaintiff's MRIs showed herniated discs in the cervical spine, defendants' experts found full range

of motion, as did a doctor and an acupuncturist who treated plaintiff after the accident (*see Valentin, supra; Onishi v N & B Taxi, Inc.*, 51 AD3d 594 [2008]). Dr. Silverman's finding, two years after the accident, of some limitation in range of motion is too remote to raise an issue of fact whether the limitation was caused by the accident (*see Lopez v Simpson*, 39 AD3d 420 [2007]).

Plaintiff's claim that she could not perform substantially all her daily activities for 90 of the first 180 days following the accident because of an injury or impairment caused by the accident was not substantiated by competent medical evidence (*see Uddin v Cooper*, 32 AD3d 270, 272 [2006], *lv denied* 8 NY3d 808 [2007]). Concur—Tom, J.P., Nardelli, Catterson, Renwick and Richter, JJ.