■ NATASHA HERNANDEZ, Respondent, v MARILUZ RODRIGUEZ, Appellant, et al., Defendants. (And Other Actions.) [881 NYS2d 411]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered January 23, 2009, which denied defendant-appellant's motion for summary judgment dismissing the complaint as against her on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to dismiss plaintiff's 90/180-day claim of serious injury as against all defendants, and otherwise affirmed, without costs.

Appellant made a prima facie showing of entitlement to summary judgment by submitting, inter alia, the affirmed reports of a neurologist and an orthopedist, who both examined plaintiff and determined, based upon the objective tests conducted, that she had not sustained a serious injury.

In opposition, plaintiff raised a triable issue of fact as to

whether she suffered a permanent consequential limitation or a significant limitation of her cervical and lumbar spines as a result of the accident. The affirmed report of plaintiff's treating physician provided that as a result of the accident, plaintiff sustained, inter alia, disc bulges and herniations and had decreased range of motion in her cervical and lumbar spine (*see Ayala v Douglas*, 57 AD3d 266 [2008]). Furthermore, appellant's claim that plaintiff's condition was degenerative in nature was speculative as the physician who offered this opinion did not review the MRIs taken of plaintiff's cervical and lumbar spine (*compare Valentin v Pomilla*, 59 AD3d 184 [2009]). Nor was there an unexplained gap in treatment as the record shows that following the accident, plaintiff underwent physical therapy and ceased such therapy after reaching the maximum medical improvement (*see Pommells v Perez*, 4 NY3d 566, 577 [2005]).

Plaintiff, however, failed to raise an issue of fact regarding whether she suffered a 90/180-day injury (*see e.g. Blackmon v Dinstuhl*, 27 AD3d 241 [2006]). Notably, plaintiff's bill of particulars provided that she was confined to bed and home for one week following the accident. In view of this finding, plaintiff's claim of serious injury under the 90/180-day category is dismissed as against all defendants (*see Lopez v Simpson*, 39 AD3d 420, 421 [2007]). Concur—Saxe, J.P., Sweeny, Moskowitz, Acosta and Richter, JJ.