■ CARLOS A. POU, Respondent, v E&S WHOLESALE MEATS, INC., et al., Appellants. [890 NYS2d 47]—

Defendants met their initial burden of demonstrating the absence of any permanent or significant physical limitation of plaintiff's lumbar or cervical spine by submitting the affirmed report of an expert who examined plaintiff and concluded, based upon objective tests conducted, that he had not suffered a permanent consequential limitation or a significant limitation (*see Onishi v N & B Taxi, Inc.*, 51 AD3d 594, 595 [2008]). In opposition, plaintiff failed to raise a triable issue of fact.

Plaintiff's expert's assertions of range-of-motion limitations during the period shortly after the accident were conclusory, and were contradicted by other records from plaintiff's therapy noting a full range of motion involving both the lumbar and cervical spine. Plaintiff's expert's more recent findings, occurring some 4½ years after the accident, while quantitative, are too remote in time to raise an inference that plaintiff's purported present limitations were causally related to the accident (*see Danvers v New York City Tr. Auth.*, 57 AD3d 252 [2008]). Nor has plaintiff explained the 4½-year gap in treatment, following six months of therapy. Plaintiff's self-serving statements that he felt he had reached the maximum benefit and had learned to live with the pain are insufficient explanations for suspending treatment (*see Thompson v Abbasi*, 15 AD3d 95, 99 [2005]; *Zoldas v Louise Cab Corp.*, 108 AD2d 378, 383 [1985]; cf. *Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 355 [2002]). He thus failed to raise any triable issue of fact as to his suffering of a serious injury causally connected to the accident.

Defendants also established prima facie that plaintiff did not suffer a 90/180-day injury, and plaintiff failed to raise a triable issue of fact, given his testimony that he was out of work for a "couple of days only" (*see Gorden v Tibulcio*, 50 AD3d 460, 463 [2008]; *Guadalupe v Blondie Limo, Inc.*, 43 AD3d 669, 670 [2007]). Concur—Saxe, J.P., Friedman, Acosta, Renwick and Abdus-Salaam, JJ.