■ ALEXIE AMAMEDI et al., Respondents, v JOEL O. ARCHIBALA et al., Appellants. [895 NYS2d 42]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about August 5, 2009, which denied defendants' motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Contrary to defendants' contention, plaintiffs' medical evidence was admissible, as the submissions of the injured plaintiff's treating doctors were both affirmed, and defendants' expert, Dr. Montalbano, specifically referenced the unaffirmed MRI reports and relied on the results therein. Nevertheless, defendants established prima facie entitlement to judgment that the injured plaintiff did not sustain a "serious injury" (Insurance Law § 5102 [d]) by submitting expert affirmations that found no medical evidence of recent trauma on the patient's diagnostic films and reported normal ranges of motion in all tested body areas by specifying the tests they used to arrive at the measurements, and concluding that the injuries resolved without permanency (*see DeJesus v Paulino*, 61 AD3d 605 [2009]). The affirmation of defendants' radiologist, Dr. Eisenstadt—who stated that desiccation along the spine "involves a drying out of [d]isc material which is a degenerative process greater than three months in origin. It could not have occurred in the time interval between examination and injury, and it is located at the most common levels in the population for degenerative disc disease to occur"—was sufficient to establish defendants' prima facie entitlement to summary judgment.

Defendants made a prima facie showing that plaintiff did not sustain a 90/180-day injury (Insurance Law § 5102 [d]); absent evidence sufficient to raise an issue of fact as to causation, this claim lacks merit (*see Valentin v Pomilla*, 59 AD3d 184, 186-187 [2009]). The fact that the injured plaintiff may have missed more than 90 days of work is not determinative of this claim (*Ortiz v Ash Leasing, Inc.*, 63 AD3d 556, 557 [2009]), and there is no evidence in the record suggesting that he was prevented from performing substantially all of the material acts that constituted his usual and customary daily activities for 90 of the 180 days following the accident (*see Uddin v Cooper*, 32 AD3d 270, 271 [2006], *lv denied* 8 NY3d 808 [2007]).

Plaintiffs failed to meet the consequent burden of demonstrating serious injuries as defined in the statute (*Franchini v Palmieri*, 1 NY3d 536 [2003]), since both of the treating physicians failed to address the degenerative condition noted by both of defendants' experts (*see Valentin*, 59 AD3d at 186). Dr. Montalbano affirmed that absent any other detailed evidence, the injured plaintiff's degenerative condition was consistent with his age, occupation and comorbid condition of being overweight; at the very least, this warranted some kind of rebuttal on plaintiffs' behalf (*cf. June v Akhtar*, 62 AD3d 427 [2009]). Concur—Tom, J.P., Andrias, Friedman, Nardelli and Catterson, JJ.