■ JANET MERCADO-ARIF, Respondent, v JOSE DANIEL GARCIA et al., Appellants, et al., Defendant. [902 NYS2d 72]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered February 3, 2009, which denied defendants' motion and cross motion for summary judgment dismissing the complaint, modified, on the law, to grant the motion and cross motion as to plaintiff's 90/180-day claim, and otherwise affirmed, without costs.

Defendants-appellants (hereinafter defendants) made a prima facie showing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). While one of their experts, Dr. Schwartz, found limitations in plaintiff's ranges of motion, he did not causally relate these limitations to the accident (*cf. Glynn v Hopkins*, 55 AD3d 498 [2008]); on the contrary, he found that plaintiff was deliberately restricting her movements (*see Santos v Taveras*, 55 AD3d 405 [2008]). Moreover, another of defendants' experts, Dr. Tantleff, found degenerative changes in plaintiff's spine. In any event, to warrant a finding of serious injury, a limitation must be "consequential" or "significant" (*see* Insurance Law § 5102 [d]; *Licari v Elliott*, 57 NY2d 230, 236 [1982]).

Contrary to plaintiff's contention, defendants addressed her MRIs, via Dr. Tantleff. Defendants raised the 90/180-day issue by pointing to plaintiff's deposition testimony that she was only confined to her home for one week after the accident (*see e.g. Cruz v Aponte*, 60 AD3d 431, 432 [2009]).

In opposition, plaintiff's chiropractor's affidavit was sufficient to raise a triable issue of fact, and plaintiff's limitations cannot be deemed minor as a matter of law (*see e.g. Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352-353 [2002]; *Hernandez v Rodriguez*, 63 AD3d 520, 520-521 [2009]).

Plaintiff's chiropractor relied, inter alia, on range of motion tests, the MRIs, the nerve conduction studies, and observation

of spasm, and not solely on plaintiff's subjective complaints of pain (*see e.g. Cruz v Castanos*, 10 AD3d 277, 279 [2004]; *Brown v Achy*, 9 AD3d 30, 31, 33 [2004]; *Arjona v Calcano*, 7 AD3d 279 [2004]; *Adetunji v U-Haul Co. of Wis.*, 250 AD2d 483 [1998]). Contrary to defendants' contention, the nerve conduction studies were affirmed. Although the MRIs were unsworn, plaintiff's chiropractor's opinion relying on them was "sworn and thus competent evidence" (*Pommells v Perez*, 4 NY3d 566, 577 n 5 [2005]).

The conflicting opinions of defendants' expert, Dr. Tantleff, and plaintiff's chiropractor as to whether the MRIs show degenerative changes present issues of fact and credibility for a jury to resolve.

Plaintiff adequately explained the gap in her treatment between January 25, 2006 and July 29, 2008 by submitting her own affidavit, saying that no-fault had stopped her benefits (*see Wadford v Gruz*, 35 AD3d 258, 259 [2006]), and her chiropractor's affidavit, stating that plaintiff had reached maximum medical improvement and that any further treatment would be palliative (*see e.g. Pommells v Perez*, 4 NY3d 566, 577 [2005]).

As to her 90/180-day claim, however, plaintiff failed to raise an issue of fact. Her chiropractor's statement that plaintiff was told to limit her physical activities for approximately four months was too general to constitute the requisite competent medical proof to substantiate the claim (*see Cruz*, 60 AD3d at 432; *Gorden v Tibulcio*, 50 AD3d 460, 463 [2008]). Although defendant Santiago has not appealed, the 90/180-day claim should be dismissed as against her, too (*see e.g. Brewster v FTM Servo, Corp.*, 44 AD3d 351, 353 [2007]). Concur—Tom, J.P., Saxe and Manzanet-Daniels, JJ.

Andrias and McGuire, JJ., concur in a separate memorandum by McGuire, J., as follows: The majority states that "[a]lthough the MRIs were unsworn, plaintiff's chiropractor's opinion relying on them was 'sworn and thus competent evidence.' " While it is true that the chiropractor's opinion was sworn, neither it nor the reports on which it relies offer any evidence that the herniations suffered by plaintiff did not result from degenerative changes. Rather, the MRI reports are silent as to the cause of the herniations. The chiropractor makes great hay of that silence, for he asserts that because no degenerative changes were noted on the MRIs (and because plaintiff was asymptomatic prior to the automobile accident), plaintiff's injury was caused by the motor vehicle accident. The chiropractor, however, provides no factual support for the implicit assertion that the radiologist would have noted degenerative changes had any

been revealed. I do not understand how the very silence of the radiologist can be used to remedy the failure to provide an affidavit from the radiologist. Nonetheless, because defendants did not argue that the chiropractor's affidavit was insufficient for this reason, I agree with the majority that we should affirm the denial of that portion of defendants' motions seeking summary judgment on the issue of whether plaintiff suffered a personal injury that resulted in "permanent consequential limitation of use of a body organ or member" or "significant limitation of use of a body function or system" within the meaning of Insurance Law § 5102 (d).