■ SHEILA TRAVIS, Appellant, et al., Plaintiffs, v NASSIROU M. BATCHI et al., Respondents. [905 NYS2d 66]—

Order, Supreme Court, New York County (Edgar G. Walker, J.), entered April 9, 2009, which granted defendants' motion for summary judgment dismissing the complaint as to plaintiff-appellant (plaintiff) for lack of a serious injury, unanimously affirmed, without costs.

The examination records of plaintiff's own treating physician/ expert show that she had full strength and range of motion in the knee both a few weeks and a few months after the accident, after he performed a right knee anterior cruciate ligament reconstruction, partial medial and lateral meniscectomy and chondroplasty. Absent some manner of explanation, the negative findings cannot be reconciled with the physician's affirmation submitted in opposition to the motion prepared a few years after the accident, that plaintiff sustained a permanent injury to the knee as a result of the accident. Summary judgment in favor of defendants should be granted for this reason alone, at least with respect to the alleged knee injury (*see Pou v E&S Wholesale Meats, Inc.*, 68 AD3d 446 [2009]). Also fatal to

plaintiff, on the issue of permanence of both the alleged knee and alleged back injuries, is the physician's failure to provide any objective medical test results showing current range-of-motion impairments (*cf. Jimenez v Rojas*, 26 AD3d 256, 257 [2006]). Nor does plaintiff, who concedes that she worked from home beginning two months after the accident through her return to the office five months after the accident, and fails to detail the particular job and other activities that were supposedly curtailed, satisfy the 90/180-day test (*see Uddin v Cooper*, 32 AD3d 270, 271 [2006], *lv denied* 8 NY3d 808 [2007]; *Linton v Nawaz*, 62 AD3d 434, 443 [2009], *affd on other grounds* 14 NY3d 821 [2010]). Concur—Tom, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ.