Order, Supreme Court, New York County (Paul Wooten, J.), entered October 29, 2009, which, to the extent appealed from, denied the motion by defendants Ahmed and Sancho Cab and the cross motion by defendant Booker for summary judgment dismissing the complaint except with respect to the 90/180 day category under Insurance Law § 5102, unanimously reversed, on the law, without costs, the motion and cross motion granted in full, and the complaint dismissed in its entirety.
Defendants made a prima facie showing that plaintiff’s injuries were caused by preexisting, degenerative conditions rather than the accident (Ortiz v Ash Leasing, Inc., 63 AD3d 556, 557 [2009]). Plaintiff’s submissions were insufficient to defeat summary judgment not only because her experts failed to raise an issue of fact addressing the evidence of her preexisting cervical spine disease with “factually based medical opinions ruling out. . . degenerative conditions as the cause of her limitations” (Rose v Citywide Auto Leasing, Inc., 60 AD3d 520 [2009]), but also because her experts failed to demonstrate a causal nexus between the accident and plaintiffs injury in the first instance (Jimenez v Rojas, 26 AD3d 256, 257 [2006]). Concur—Tom, J.P., Friedman, McGuire, Acosta and Román, JJ.