■ KATHERINE DE LA CRUZ et al., Appellants, v JOAQUIN HERNANDEZ, Respondent. [924 NYS2d 57]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about July 20, 2010, which granted defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to reinstate plaintiffs' threshold claims with respect to the "permanent consequential limitation of use" and "significant limitation of use" categories of serious injury within the meaning of Insurance Law § 5102 (d), and otherwise affirmed, without costs.

Plaintiffs allege that they sustained serious injuries to their necks and lower backs as a result of being rear-ended by defendant in June 2007. Defendant made a prima facie showing that plaintiffs' injuries were not permanent or significant by submitting the affirmed reports of a neurologist who, based upon examinations of plaintiffs in October and November 2009, found no neurological disabilities and full ranges of motion, and concluded that all cervical and lumbar-sacral strains/sprains had been resolved (*see Porter v Bajana*, 82 AD3d 488 [2011]; *Amamedi v Archibala*, 70 AD3d 449, 449 [2010], *lv denied* 15 NY3d 713 [2010]; *Ayala v Douglas*, 57 AD3d 266 [2008]). However, the sworn reports of plaintiffs' treating chiropractor setting forth treatment from the time of the accident until early 2010, including the results of range of motion tests performed a few days after the accident and then over $3^{1}/_{2}$ years later, raise triable issues of fact as to the extent of plaintiffs' injuries and causation (*see Tsamos v Diaz*, 81 AD3d 546 [2011]; *McClelland v Estevez*, 77 AD3d 403, 404 [2010]; *Colon v Bernabe*, 65 AD3d 969, 970 [2009]).

The conclusion of defendant's radiologist that plaintiffs' injuries were due to degenerative changes, without further elaboration, is insufficient to satisfy defendant's prima facie burden as to causation, given that plaintiffs were only 31 and 26 years old at the time of the accident and when the MRIs were taken (*see June v Akhtar*, 62 AD3d 427, 428 [2009]). In any event, plaintiffs' chiropractor's attribution of the injuries to the accident raised a factual issue (*see Linton v Nawaz*, 62 AD3d 434, 440-441 [2009], *affd* 14 NY3d 821, 822 [2010]; *Yuen v Arka*

*Memory Cab Corp.,* 80 AD3d 481, 482 [2011]; *Malloy v Matute,* 79 AD3d 584 [2010]).

Defendant made a prima facie showing of absence of a 90/180-day category injury under Insurance Law § 5102 (d) by pointing to plaintiffs' deposition testimony that they both were confined to bed and home for less than a month. Plaintiffs failed to raise an issue of fact to defeat summary judgment. Their affidavits averring that they were confined to bed and home for about 5½ months, submitted in opposition to defendant's summary judgment motion, "can only be considered to have been tailored to avoid the consequences of [their] earlier testimony" (*Phillips v Bronx Lebanon Hosp.,* 268 AD2d 318, 320 [2000]). Their testimony that they were unable to perform their customary daily activities for at least six months after the accident is not supported by objective medical evidence (*see Gaddy v Eyler,* 79 NY2d 955, 958 [1992]; *DeJesus v Paulino,* 61 AD3d 605, 607 [2009]). Their treating chiropractor never indicated in his reports that he advised them to remain home or to refrain from their daily activities, and the chiropractor's general statement that plaintiffs were unable to perform "substantially all of the material acts which constituted [their] usual and customary daily activities" is insufficient to raise an issue of fact (*see Valentin v Pomilla,* 59 AD3d 184, 187 [2009]). Concur—Gonzalez, P.J., Mazzarelli, Richter, Manzanet-Daniels and Román, JJ.