**Gill v Doe**

2024 NY Slip Op 32474(U)

July 22, 2024

Supreme Court, New York County

Docket Number: Index No. 162363/2019

Judge: James G. Clynes

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. JAMES G. CLYNES**                     PART        22M

*Justice*

-----------------------------------------------------------------X

GURMEET S. GILL,

                         Plaintiff,

                - v -

JOHN DOE, GEORGIOS VOUNISEAS

                   Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 162363/2019 |
| MOTION DATE | 08/17/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34

were read on this motion to/for                          JUDGMENT - SUMMARY

Upon the foregoing documents and following oral argument, it is ordered that the motion by Defendant George Vouniseas for summary judgment and dismissal of Plaintiff's Complaint on the grounds that Plaintiff has failed to meet the serious injury threshold as defined under Insurance Law 5102 (d) and therefore has no cause of action under Insurance Law 5104 (a) is decided as follows:

Upon the foregoing documents, it is ordered that Defendant's motion for summary judgement on the issue of whether Plaintiff has satisfied the serious injury threshold within the meaning of Insurance Law 5104 and 5012 (d) is denied for the reasons that follow.

Plaintiff seeks to recover for injuries allegedly sustained as a result of a motor vehicle accident on October 23, 2018, between a vehicle owned by "John Doe" and operated by Georgios Vouniseas and a vehicle operated by Plaintiff Gurmeet Gill. In the Bill of Particulars, Plaintiff claims injuries to the cervical spine and lumbar spine.

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York University Medical Center*, 64 NY2d 851, 853 [1985]). In order to satisfy their burden under Insurance Law 5102 (d), plaintiffs must meet the

162363/2019 GILL, GURMEET S. vs. DOE, JOHN
Motion No. 001

Page 1 of 4

[* 1]

"serious injury" threshold (*Toure v Avis Rent a Car Systems Inc*, 98 NY2d 345, 352 [2002] where the court found that in order to establish a prima facie case that a plaintiff in a negligence action arising from a motor vehicle accident did sustain a serious injury, plaintiff must establish the existence of either a "permanent consequential limitation of use of a body organ or member [or a] significant limitation of use of a body function or system"). Under the no-fault law, a plaintiff can maintain an action for non-economic loss, including pain and suffering, arising from a motor vehicle accident only if the accident caused a serious injury (*Licari v Elliott*, 57 NY2d 230 [1982]).

The burden rests upon the movant to establish that the plaintiff has not sustained a serious injury (*Lowe v Bennett*, 122 AD2d 728 [1st Dept 1986]). When the movant has made such a showing, the burden shifts to the plaintiff to produce prima facie evidence to support the claim of serious injury (*see Licari, supra*, and *Lopez v Senatore*, 65 NY2d 1017 [1985]). In instances where a defendant asserts that the evidence reveals a preexisting injury or a degenerative condition, the plaintiff must present evidence to the contrary (*Brewster v FTM Servo, Corp.*, 44 AD3d 351 [1st Dept 2007]).

When a claim is raised under the permanent loss or limitation of use of a body organ or member, significant limitation of use of a body function or system, or the 90/180 category, it can be substantiated by a medical expert assigning a numeric percentage of the loss of range of motion showing the extent or degree of the plaintiff's physical limitation. An expert may also offer a qualitative assessment, upon an objective basis, of a plaintiff's condition compared to the normal function, purpose and use of the affected body organ, member, function or system (*Toure* at 352; *Lopez*, 65 NY2d 1017; *Ramos v Dekhtyar*, 301 AD2d 428 [1st Dept 2003]). The expert must indicate what objective medical tests s/he performed to measure the range of motion restrictions (*Lloyd v Green*, 45 AD3d 373 [1st Dept 2007]).

Here, Defendant submits, an independent orthopedic examination by Dr. Rubinshteyn, who measured Plaintiff's range of motion with a goniometer. The range of motion and tenderness were not objective findings. The report found decreased range of motion in the cervical spine and states the injuries are "casually related to the accident" on October 23, 2018.

162363/2019 GILL, GURMEET S. vs. DOE, JOHN
Motion No. 001

Page 2 of 4

Defendant also submitted an orthopedic report by Dr. Howard A. Kiernan. The values taken were "compared to the normal active range of motion values according to the publication, "Guidelines to the Evaluation of Permanent Impairment," 5th edition published by the American Medical Association." The report found a decreased range of motion in the left shoulder, which is attributed to Plaintiff's subjective complaints. Finally, Defendant submits an MRI of the lumbosacral spine and cervical spine. In the lumbosacral spine, herniations were found, while in the cervical spine, disc bulges and evidence of degeneration was present.

In *Toure v Avis Rent a Car Sys.*, the Court of Appeals held that "an expert's designation of a numeric percentage of a plaintiff's loss of range of motion can be used to substantiate a claim of serious injury" (*Toure v Avis Rent a Car Sys.*, 98 NY2d 345, 350 [2002]). Here, Dr. Rubinshteyn and Dr. Kiernan report limitations in Plaintiff's range of motion, most notably, a 30-degree range of motion decrease in the flexion and abduction of his left shoulder and a 20-degree limitation of the external rotation of his left shoulder. These restrictions satisfy the standard enunciated by the Court of Appeals in *Toure*. Although Dr. Kiernan notes that there are the subjective limitations of motion in Plaintiff's left shoulder which are not supported by objective findings and diagnoses Plaintiff with cervical and lumbar spine sprains/strains, he reports that the diagnosis is causally related to the subject accident. As the medical report submitted by Defendant indicated that Plaintiff has a limited range of motion of the left shoulder, as well as the suggested causation by the subject accident, the reports are insufficient to eliminate all triable issues of fact (*Lewis v Revello*, 172 AD3d 505 [1st Dept 2019] [defendant failed to meet his prima facie burden of showing that the Plaintiff did not sustain a serious injury, in part, due to defendant's examining orthopedist finding a significant 30-degree limitation in the range of motion of the plaintiff's cervical spine]; *Santos v NY City Tr. Auth.*, 99 AD3d 550 [1st Dept 2012] [defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury; medical report of the defendant's examining orthopedist noted findings of significant range of motion limitations]. Therefore, Defendant has failed to make a prima facie showing that Plaintiff does not have a serious physical injury as defined in Insurance Law 5102 (d). The motion is denied. Accordingly, it is

162363/2019  GILL, GURMEET S. vs. DOE, JOHN
Motion No. 001

Page 3 of 4

[* 3]

**ORDERED** that the motion by Defendant George Vouniseas for summary judgment and dismissal of Plaintiff's Complaint on the grounds that Plaintiff has failed to meet the serious injury threshold as defined under Insurance Law 5102 (d) and therefore has no cause of action under Insurance Law 5104 (a) is DENIED; and it is further

**ORDERED** that any requested relief not specifically addressed herein has nonetheless been considered; and it is further

**ORDERED** that within 30 days after entry, Plaintiff shall serve a copy of this Decision and Order upon Defendants with Notice of Entry.

This constitutes the Decision and Order of the Court.

| 7/22/2024 | | | JAMES G. CLYNES, J.S.C. | |
| --- | --- | --- | --- | --- |
| DATE | | | | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

162363/2019  GILL, GURMEET S. vs. DOE, JOHN
Motion No. 001

Page 4 of 4

4 of 4

[* 4]