■ CARMEN DIAZ, Appellant, v MIGUEL A. ANASCO et al., Respondents. [831 NYS2d 398]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered on or about January 4, 2006, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment, unanimously affirmed, without costs.

To recover damages for noneconomic loss related to personal injury allegedly sustained in a motor vehicle accident, the

plaintiff is required to present nonconclusory expert evidence sufficient to support a finding not only that the alleged injury is "serious" within the meaning of Insurance Law § 5102 (d), but also that the injury was causally related to the accident (*see Franchini v Palmieri*, 1 NY3d 536 [2003]). Absent an explanation of the basis for concluding that the injury was caused by the accident, as opposed to other possibilities evidenced in the record, an expert's "conclusion that plaintiff's condition is causally related to the subject accident is mere speculation," insufficient to support a finding that such a causal link exists (*Montgomery v Pena*, 19 AD3d 288, 290 [2005]).

Defendants established their prima facie entitlement to summary judgment, relying on diagnostic imaging and reports by plaintiff's treating physicians to establish that her injuries are not causally related to the accident (*Franchini v Palmieri*, 1 NY3d 536 [2003], *supra*), and thus do not satisfy the serious injury threshold of section 5102 (d). Plaintiff's submission in response "left wholly unanswered the question whether the claimed symptoms diagnosed by [her treating physician] were caused by the accident" (*Pommells v Perez*, 4 NY3d 566, 575 [2005]). Her submissions also failed to meet the statutory test of demonstrating an inability to perform substantially all of the material acts that constituted her usual and customary daily activities for 90 of the 180 days following the accident (*see Medina-Santiago v Nojovits*, 5 AD3d 253 [2004]).

We have considered plaintiff's remaining contentions and find them without merit. Concur—Andrias, J.P., Saxe, Sullivan, Gonzalez and McGuire, JJ.