11-4358-cv
Secrest v. Merck, Sharp & Dohme Corp.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand thirteen.

Present:
        ROBERT A. KATZMANN,
        RAYMOND J. LOHIER, JR.,
                *Circuit Judges*,
        JED S. RAKOFF,
                *District Judge*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

*In re*: FOSAMAX PRODUCTS LIABILITY LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

LINDA SECREST,

    *Plaintiff-Appellant*,

        v.                           No. 11-4358-cv

MERCK, SHARP & DOHME CORP.,

    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:        TIMOTHY M. O'BRIEN, Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A., Pensacola, FL.

FOR DEFENDANT-APPELLEE:        ANDREW GOLDMAN, Goldman Ismail Tomaselli Brennan & Baum LLP (Theodore V.H. Mayer, William Joseph Beausoleil, Hughes Hubbard & Reed LLP, New York, NY; Paul F. Strain, Venable LLP, Baltimore, MD, *on the brief*).

Appeal from a judgment the United States District Court for the Southern District of New York (John F. Keenan, *Judge*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Linda Secrest appeals from an October 5, 2011 judgment of the United States District Court for the Southern District of New York, following a jury verdict for Defendant-Appellee Merck, Sharpe & Dohme Corp. on her design defect claims. Secrest alleges that she suffered osteonecrosis—bone death—of the jaw ("ONJ") as a result of taking Merck's prescription osteoporosis drug, Fosamax. On appeal, Secrest contends that: (1) the District Court erred in granting Merck summary judgment on her failure-to-warn claim; (2) the District Court's jury instructions did not accurately reflect Florida products liability law, the governing substantive law in this diversity case; (3) the District Court erred in limiting the evidence presented at trial from two of her treating physicians; and (4) the District Court erred in admitting evidence of her prior lawsuit and settlement with her dentist. We decide the latter three issues of the appeal in this summary order, and we address Secrest's appeal with respect to the first issue in a per curiam opinion filed simultaneously with this summary order. We assume the parties' familiarity with the facts and record of the prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Jury Instructions

"When a party challenges a court's jury charge, this Court reviews the jury instructions de novo and as a whole." Boyce v. Soundview Tech. Grp., Inc., 464 F.3d 376, 390 (2d Cir. 2006). "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." Id. (quotation marks omitted). An erroneous instruction requires a new trial unless the error is harmless, i.e., "it is clear that it did not influence the jury's verdict." Id. Secrest argues that the District Court's jury instructions were flawed in three ways: (1) the charge incorrectly described Florida law on the standard for defective design; (2) the District Court erred in instructing the jury regarding Florida's "government rules defense"; and (3) the charge should have instructed the jury on its ability to apportion damages when an injury results in aggravation of a preexisting physical defect.

The District Court charged the jury appropriately with respect to the standard for a defective design. First, even assuming that Secrest is correct that Florida continues to adhere to the approach reflected in the Restatement (Second) of Torts to determine whether a prescription drug is defectively designed, see In re Standard Jury Instructions in Civil Cases -- Report No. 09–10, 91 So. 3d 785, 789 (Fla. 2012) (Pariente, J., concurring), the District Court did not, as Secrest contends, charge the jury according to the approach in the Restatement (Third) of Torts. The Third Restatement states that a prescription drug is defectively designed only if a physician "would not prescribe the drug or medical device for any class of patients." RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 6(c) (1998) (emphasis added); see In re Fosamax Prods. Liab. Litig., No. 06 MD 1789, 2011 WL 2566074, at *7 (S.D.N.Y. June 29, 2011) (noting that the Third Restatement "presents a narrower scope of tort liability for prescription drug

3

manufacturers than the objective standard urged by Merck . . . [because it] would permit a drug manufacturer to avoid liability on a defective-design claim even if the overall risks of a drug outweigh the benefits of that drug, so long as there is some class of patients for whom the benefits outweigh the risks"). By contrast, here, the District Court directed the jury to consider Fosamax's "overall risks and benefits to the public as a whole." J.A. 1946 (emphasis added).

More importantly, the District Court did not err in employing an "objective" standard that asked the jury to consider the risks and benefits of Fosamax to the public as a whole, as opposed to directing the jury to consider the drug from the perspective of either a particular user or a sub-category of users. Federal and state courts in Florida have employed an "objective" standard for the risk-benefit test. See, e.g., Jennings v. BIC Corp., 181 F.3d 1250, 1255 (11th Cir. 1999) (applying Florida law and concluding that "defectiveness of a design is determined based on an objective standard, not from the viewpoint of any specific user"); Liggett Grp., Inc. v. Davis, 973 So. 2d 467, 475 (Fla. Dist. Ct. App. 2007) (same). Moreover, Secrest has not cited a single decision applying Florida law (nor can we find any) that has rejected an objective standard or limited the jury's consideration in the way she suggests.[1]

Turning to Secrest's second objection to the jury charge, we likewise conclude that the District Court did not err in instructing the jury on Florida's "government rules defense." Florida statutory law creates a rebuttable presumption that a product is not defective where the manufacturer has complied with the applicable laws or regulations designed to prevent the type

---

[1] That the District Court had previously rejected the language of the "objective" standard in the jury instructions in a different Fosamax MDL trial is irrelevant, particularly given its acknowledgment that "both federal and state courts in Florida have at times applied the objective standard." In re Fosamax, 2011 WL 2566074, at *7.

4

of harm that occurred. Fla. Stat. Ann. § 768.1256(1). Secrest argues that because she alone offered a regulatory expert at trial, Dr. Suzanne Parisian, and because Dr. Parisian concluded that Merck had violated several regulations of the Food and Drug Administration (the "FDA") in selling Fosamax, the District Court erred in concluding that Merck had established a prima facie case sufficient to support a jury instruction on the rebuttable presumption.

We disagree. Merck was free to use the testimony of plaintiff's experts to establish its case, see Sherman v. United States, 356 U.S. 369, 373 (1958), and on cross-examination Dr. Parisian conceded that the FDA had approved Fosamax and its labeling. That admission entitled Merck to the instruction regarding the presumption as a matter of law, notwithstanding Dr. Parisian's opinion that Merck also violated certain FDA regulations. Dr. Parisian's credibility, moreover – both as to her testimony regarding the FDA approval's of Fosamax and her opinion that Merck had violated various FDA regulation – was an issue for the jury. See United States v. Ware, 577 F.3d 442, 447 (2d Cir. 2009). Accordingly, we find no error in instructing the jury on the presumption.

Secrest argues that the District Court made a third error by not instructing the jury on the standard for apportioning damages when an injury resulted in aggravation of a preexisting physical defect. At trial, after Merck presented evidence that Secrest's prior shoddy dental work and Sjogren's syndrome had caused her ONJ, Secrest requested that the District Court instruct the jury that damages can be apportioned when the defendant causes an injury that aggravates an existing disease or physical defect.

On causation, the District Court properly instructed the jury as to liability and gave a version of Florida's standard "concurrent causation" instruction. J.A. 1951; In re Standard Jury

5

*Instructions In Civil Cases-Report No. 09-01*, 35 So. 3d 666, 688–89 (Fla. 2010) (per curiam) (Instruction 401.12(b)). While this instruction addressed liability, the charge Secrest requested addressed damages. See *Thomason v. Gordon*, 782 So. 2d 896, 899 (Fla. Dist. Ct. App. 2001) (per curiam). Because the jury found Merck not liable, it never reached the issue of damages. Accordingly, the failure to instruct on aggravation of a preexisting injury did not affect the jury's verdict. See *Reyka v. Halifax Hosp. Dist.*, 657 So. 2d 967, 969 (Fla. Dist. Ct. App. 1995) (holding failure to give instruction on apportionment of damages was harmless where court properly instructed jury as to legal cause and defendant was found not liable); see also *Jennings*, 181 F.3d at 1260 (holding failure to give damages instruction was harmless where defendant found not liable). We therefore conclude that any error in not giving Secrest's requested instruction was harmless.

2. Exclusion of Expert Testimony

We review a district court's evidentiary rulings, including the admission of expert testimony, for abuse of discretion. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 160 (2d Cir. 2012). A district court's exclusion of expert testimony is an abuse of discretion only if it is "manifestly erroneous." *Chin*, 685 F.3d at 160-61 (quotation marks omitted). An evidentiary error is harmless unless the appellant shows a likelihood that a substantial right was affected, "such as where a jury's judgment would be swayed in a material fashion by the error." *Id.* at 161 (quotation marks omitted).

Secrest argues that the District Court erred in excluding opinions offered by Dr. Lawrence Epstein and Dr. Philip Marciano. Secrest offered Dr. Epstein's opinions on his clinical experience with prescribing Fosamax. Dr. Marciano was Secrest's oral surgeon, and Secrest offered his opinion that Fosamax caused her ONJ.

6

Secrest argues that the District Court abused its discretion in excluding Dr. Epstein's testimony regarding the comparative efficacy of bisphosphonates like Fosamax to the drug Forteo; his reliance on the Fosamax label; his interactions with Merck's sales representatives; his opinion that, if he had known Fosamax showed no fracture reduction benefits for patients with Secrest's bone density, he would not have prescribed Fosamax to her; and his opinion that the FDA is not infallible. We disagree. The District Court properly deemed the first conclusion inadmissible because Dr. Epstein said bisphosphonates were overrated in comparison to the drug Forteo – an opinion that the court had previously barred because it was not based on sufficient facts. Dr. Epstein's next three assertions related to Secrest's failure-to-warn claims and, accordingly, were not relevant to the design defect claims tried to the jury. Finally, Dr. Epstein's opinion on the FDA's competency was also properly excluded on the basis that Secrest failed to offer evidence that Dr. Epstein was qualified to opine on the quality of the FDA's work.

The District Court also properly excluded Dr. Marciano's opinion that Fosamax caused Secrest's ONJ. Because Dr. Marciano's opinion was offered in his capacity as her treating physician, it was properly limited to his personal knowledge developed during the course of his treatment of Secrest. See Fed. R. Evid. 602. However, Dr. Marciano did not know the length of time that Secrest used Fosamax, and he admitted that Secrest's use of Fosamax was "part of the record of Dr. Marx's [treatment] history, but it was not part of [his]." Under the circumstances, the District Court did not err in finding that Dr. Marciano's conclusion was "largely dependent on and derivative of Dr. Marx's opinions rather than any scientific inquiry conducted or treatment provided by Dr. Marciano himself."

### 3. Admission of Evidence of the Prior Lawsuit and Settlement

Finally, Secrest argues that the District Court erred in allowing Merck to reference Secrest's lawsuit against her former dentist, Dr. Alexander, the resulting settlement of the lawsuit, and the amount of the settlement. After losing her motion in limine to exclude that evidence, however, Secrest informed the jury of the lawsuit and settlement in her opening statement and testified on direct examination about both. "[A] party introducing evidence cannot complain on appeal that the evidence was erroneously admitted," even when that party loses a motion in limine and then preemptively introduces the evidence to draw the "sting." Ohler v. United States, 529 U.S. 753, 755, 757–58 (2000). Accordingly, Secrest's objections to the admission of the lawsuit and the settlement were waived. Although Secrest attempts to distinguish her introduction of the fact that the lawsuit settled from Merck's introduction during Secrest's cross-examination of the amount of the settlement ($350,000), that evidence was admissible to rebut Secrest's suggestion, in her opening statement and direct testimony, that the settlement was negligible because the lawsuit involved her teeth, not her jaw. See United States v. Rosa, 11 F.3d 315, 335 (2d Cir. 1993) (noting that a party may admit otherwise inadmissable evidence when the opposing party introduces evidence on the issue and "it is needed to rebut a false impression that may have resulted").

We have considered all of the parties' remaining arguments that are not the subject of the accompanying per curiam opinion and conclude that they are without merit or moot. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

8