Brutton v. United States, et. al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand seventeen.

PRESENT: JON O. NEWMAN,
         DENNIS JACOBS,
                        **Circuit Judges**,
         LEWIS A. KAPLAN,*
                        **District Judge**.

- - - - - - - - - - - - - - - - - - - - -X
SHANEEN BRUTTON,
         **Plaintiff-Appellant**,

         **-v.-**                                    16-779

UNITED STATES OF AMERICA, ARBEE
MANAGEMENT LTD., and ANTONONIO
TAVAREZ,
         **Defendants-Appellants**.

_____

\* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

**UNITED STATES POSTAL SERVICE and EILLEN CUEVAS**
            **Defendants**.
- - - - - - - - - - - - - - - - - - - - -X


 **FOR APPELLANT:**                    RYAN LAWLOR, New York, New
                                       York.

 **FOR APPELLEE UNITED**               PETER ARONOFF, for Joon H. Kim,
 **STATES OF AMERICA:**                Acting United States Attorney
                                       for the Southern District of
                                       New York (Christopher Connolly,
                                       on the brief).

 **FOR APPELLEE ARBEE**                MARJORIE E. BORNES, Brooklyn,
 **MANAGEMENT LTD. and**               New York.
 **ANTONIO TAVAREZ:**


Appeal from a judgment of the United States District Court for the Southern District of New York (Fox, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff Shaneen Brutton, who was in a motor vehicle accident with a postal truck, appeals from the judgment of the United States District Court for the Southern District of New York (Fox, M.J.) dismissing, pursuant to Federal Rule of Civil Procedure 52(c), her suit under the Federal Tort Claims Act ("FTCA"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We affirm because the district court properly limited the testimony of Brutton's physician,

and as a result Brutton failed to establish that her injuries were not caused by an earlier accident involving a collapsed ceiling or the extent to which her previous injuries were aggravated by the later injury.

On October 20, 2012, Brutton was a passenger in a taxi that collided with a United States Postal Service delivery truck in Upper Manhattan.  Approximately a year later, Brutton saw Dr. Sebastian Lattuga, told him about the accident, and complained of neck and back pain.  He eventually operated on her.  She sued the United States, the taxi company, and the taxi driver; and the district court commenced a bench trial.

New York law applies to the state tort claims against the taxi company and driver as well as to the FTCA claims against the United States, Liranzo v. United States, 690 F.3d 78, 86 (2d Cir. 2012).  Under New York law, Brutton needed to establish, "that the injury was caused by the accident, as opposed to other possibilities evidenced in the record."  Diaz v. Anasco, 38 A.D.3d 295, 296 (1st Dep't. 2007).  There was another possible cause of Brutton's back and neck injuries: about a month before the car accident, a piece of bathroom ceiling fell on her, and she went to the emergency room complaining of head, neck, and back pain.  Dr. Lattuga's files contained no references to that

3

incident. On a motion in limine, the district court ruled that Dr. Lattuga could only testify about matters he learned during his treatment of Brutton, thus precluding him from testifying as to whether the falling ceiling could have been a cause of Brutton's injuries. After Dr. Lattuga's cross-examination, the district court granted the defendants' motion for judgment on partial findings on the issue of causation, pursuant to Federal Rule of Civil Procedure 52(c), and ended the trial.

**1.** We review the district court's evidentiary ruling on the permissible scope of Dr. Lattuga's testimony for abuse of discretion. United States v. Birbal, 62 F.3d 456, 464 (2d Cir. 1995). To avoid ambush, Federal Rule of Civil Procedure 26(a)(2)(B) requires a witness retained to provide expert testimony to produce an "expert report" giving, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Dr. Lattuga did not produce an expert report in this case. However, the notes to Rule 26 specifically contemplate that a treating physician, such as Dr. Lattuga, may testify without a written expert report. Fed. R. Civ. Pro. 26 Advisory Committee's 1993 Notes.

The district court did not abuse its discretion in striking a balance. Dr. Lattuga was permitted to testify in

4

his capacity as a treating physician as to opinions he formed in the course of treating Brutton; but he was not permitted to testify as a retained expert concerning information he learned *after* treating Brutton. Our fellow circuits, an unpublished decision of this court, and district courts within this circuit have struck the same balance many times.[1]

The district court's evidentiary ruling serves a key purpose of Rule 26: providing notice of the witness's testimony on a complicated topic. Treatment records

[1] For decisions by other circuits, see Meyers v. Nat'l R.R. Passenger Corp. (Amtrak), 619 F.3d 729, 734–35 (7th Cir. 2010) ("a treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2)."); Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 824-26 (9th Cir. 2011) (same); Fielden v. CSX Transp., Inc., 482 F.3d 866, 869-73 (6th Cir. 2007), as amended on denial of reh'g and reh'g en banc (July 2, 2007) (same). For district courts in the circuit, see Goss v. JLG Indus., Inc., No. 10-CV-58S, 2012 WL 268034, at *10 (W.D.N.Y. Jan. 30, 2012) ("a treating physician must confine himself to information acquired as a treating physician, and not give an opinion formulated for trial . . . The key inquiry is whether a treating physician testifies on the basis of his personal knowledge from consultation, examination and treatment of the Plaintiff, and not from information acquired from outside sources."); Spencer v. Int'l Shoppes, Inc., No. CV 06-2637 AKT, 2011 WL 4383046, at *3 (E.D.N.Y. Sept. 20, 2011) (same). And for an unpublished decision by this Court, see In re Fosamax Prod. Liab. Litig., 509 F. App'x 69, 74 (2d Cir. 2013).

produced in discovery give the opposing side advance notice of a treating physician's proposed testimony. An expert report serves that purpose in the case of a retained medical expert. Brutton produced neither medical records nor an expert report on the subject of whether her injury was caused by the taxi accident or the falling ceiling. The district court was therefore well within its discretion in preventing Brutton's counsel from asking Dr. Lattuga whether her injuries could have been caused by the falling ceiling.

2. The district court ruled against Brutton on the issue of causation after Dr. Lattuga's testimony. In a bench trial, the district court may rule against a party on a particular issue after the party has been fully heard on that issue. Fed. R. Civ. Pro. 52(c). When it makes such a ruling, we review the district court's findings of fact for clear error and its conclusions of law de novo. Sleepy's LLC v. Select Comfort Wholesale Corp., 779 F.3d 191, 195 (2d Cir. 2015).

New York law requires that a plaintiff adduce expert testimony to rule out alternative causes of injury that appear in the record. Diaz, 38 A.D.3d at 296. The ceiling accident was a competing potential cause of Brutton's neck and back injuries. Because the district court exercised discretion to limit Dr. Lattuga's testimony on causation,

6

the doctor was unable to rule out that competing cause.  The district court's grant of judgment pursuant to Rule 52(c) was therefore proper.

Brutton's arguments to the contrary are unavailing. First, Brutton, a layperson, would have been unable to provide the required expert testimony about the cause of her injury.  Second, there is no evidence that the district court's conclusion relied on the affidavit of the government's medical expert: the district court explicitly recognized it would be premature to do so.  And third, it makes no sense to argue that the *plaintiff* had not been "fully heard" on an issue because the *defendants'* expert was yet to testify as part of the defendants' case-in-chief.

For the foregoing reasons, and finding no merit in Brutton's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK