*Lee v. N. Metro. Found. For Healthcare, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand twenty-two.

PRESENT:

> ROBERT D. SACK,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

ORLANDO LEE, MELVILLE LUCKIE, LUZ GONZALEZ,

> *Relators-Appellants,*

UNITED STATES OF AMERICA, EX REL. ORLANDO LEE, EX REL. MELVILLE LUCKIE, EX REL. LUZ GONZALEZ, NEW YORK STATE, EX REL. ORLANDO LEE, EX REL. MELVILLE LUCKIE, EX REL. LUZ GONZALEZ, STATE OF NEW YORK OFFICE OF THE ATTORNEY GENERAL,

> *Plaintiffs,*

v.                                                    No. 21-2155

NORTHERN METROPOLITAN FOUNDATION
FOR HEALTHCARE, INC., NORTHERN MANOR
MULTICARE CENTER, INC., NORTHERN
MANOR ADULT DAY HEALTH CARE
PROGRAM,

                    *Defendants-Appellees,*

NORTHERN ADULT DAILY HEALTH CARE
CENTER, GALENA DEVERMAN,

                    *Defendants.**

_____

**For Relators-Appellants:**        AGATHA M. COLE, Pollock Cohen LLP,
                                    New York, NY (Noah A. Kinigstein,
                                    New York, NY, Robert W. Sadowski,
                                    Sadowski Katz LLP, New York, NY, *on
                                    the brief*).


**For Defendants-Appellees:**       PATRICK J. GREENE, JR., Peckar &
                                    Abramson, P.C., River Edge, NJ.



        Appeal from a judgment of the United States District Court for the Eastern

District of New York (Eric Komitee, *Judge*).

---

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Orlando Lee, Melville Luckie, and Luz Gonzalez (collectively, the "Relators") appeal from the district court's August 25, 2021 order directing a judgment on partial findings pursuant to Federal Rule of Civil Procedure 52(c) and dismissing Relators' suit under the False Claims Act (the "FCA"), 31 U.S.C. § 3729 *et seq.*, against Northern Metropolitan Foundation For Healthcare, Inc., Northern Manor Multicare Center, Inc., and Northern Manor Adult Day Health Care Program (collectively, "Northern").[1] Relators also appeal from the district court's August 16, 2021 order, which memorialized various pre-trial rulings that precluded Relators from presenting certain categories of evidence at trial. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

---

[1] Relators also asserted claims under the New York False Claims Act (the "NYFCA"), N.Y. State Fin. Law § 187 *et seq.* Because the NYFCA tracks the federal FCA, *see, e.g., State ex rel. Seiden v. Utica First Ins. Co.*, 943 N.Y.S.2d 36, 39 (1st Dep't 2012), the district court resolved the FCA and NYFCA claims together. We do so as well.

## I.    FCA Materiality

On appeal, Relators primarily contend that the district court erred when it entered judgment, pursuant to Federal Rule of Civil Procedure 52(c), based on partial findings that Relators had failed to prove by a preponderance of the evidence that the discrimination and medical-model failures at Northern were material to the government's decision to pay Northern's Medicaid claims for day care and health services that Northern provided to qualified registrants.    Where a district court grants judgment on partial findings, we review the district court's conclusions of law de novo and findings of fact for clear error.    *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 960 (2d Cir. 1998).    Under these standards, we discern no error in the district court's decision.

The FCA imposes civil liability on "any person who . . . knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A).    The Supreme Court has held that in some circumstances, "implied false certification" can amount to a false or fraudulent claim.  *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 186 (2016).    In particular, at least where a claim for payment makes specific representations about the goods or services provided, but then fails to disclose

4

noncompliance with material statutory, regulatory, or contractual requirements, the omission may render the representations "misleading half-truths." *Id.* at 190. However, "a misrepresentation about compliance with a statutory, regulatory, or contractual requirement must be *material* to the [g]overnment's payment decision in order to be actionable under the [FCA]." *Id.* at 192 (emphasis added).

The FCA defines materiality as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4). In assessing materiality, "we look to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation rather than superficial designations." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 109 (2d Cir. 2021) (internal quotation marks and alterations omitted). In *Escobar*, the Supreme Court identified three factors relevant to the materiality assessment: "(1) whether the government expressly designates compliance with a particular statutory, regulatory, or contractual requirement as a condition of payment; (2) the government's response to noncompliance with the relevant contractual, statutory, or regulatory provision; and (3) whether the defendants' alleged noncompliance was 'minor or insubstantial.'" *Id.* at 110 (quoting *Escobar*, 579 U.S. at 194–95).

5

These factors are considered holistically, as "[n]o one factor is dispositive." *Id.* (citation omitted).

As the district court reasonably concluded, none of the *Escobar* factors supports a finding of materiality here. As to the first factor, Relators adduced *no* evidence that compliance with the anti-discrimination and medical-model statutes and regulations at issue here was expressly designated as a condition of payment in the applications or claims that Northern submitted to the New York State Department of Health (the "DOH"). And even if Relators had adduced such evidence, *Escobar* makes clear that this factor would not be "automatically dispositive." 579 U.S. at 194. As to the second factor, Relators likewise adduced *no* evidence concerning the government's response to Northern's noncompliance with the relevant statutory and regulatory provisions "in the mine run of cases." *Foreman*, 19 F.4th at 111–12 (citation omitted). Moreover, in this particular case, Relators themselves attempted to admit evidence showing that the DOH continued making payments to Northern for at least a full year after Relators filed the complaint in district court, around which time Northern reached a settlement with the New York Attorney General and agreed to pay a fine and close its facility as a result of unrelated violations. Although these facts do not weigh too heavily

6

toward a finding of non-materiality, since "prior to discovery and a formal court ruling, the relator's allegations are just that – allegations [–] and the government may not necessarily have knowledge of all the material facts," *id.* at 115, the government's continued payments nevertheless provide some support for the conclusion that the alleged noncompliance by Northern was immaterial to the government's payment decision. Finally, as to the third factor, Relators adduced little evidence from which one could conclude that the discrimination and medical-model infractions at Northern undermined "the essence of the bargain" between Northern and the government, which concerned the provision of adult day care and health services. *Id.* at 116–17; *see also United States v. Strock*, 982 F.3d 51, 65 (2d Cir. 2020).

Unable to disturb the district court's findings concerning the *Escobar* factors, Relators insist that the district court should have made a finding of materiality based on the common-sense notion that violations of allegedly important statutes and regulations pertaining to discrimination and medical-model facilities would have affected a reasonable administrator's decision to pay Northern's Medicaid claims. To be sure, an assessment of materiality can entail an objective consideration of facts. *See, e.g.*, *Escobar*, 579 U.S. at 193 (holding that materiality

7

"looks to the effect on the *likely or* actual behavior of the recipient of the alleged misrepresentation" and discussing tort and contract materiality standards as examples (alterations omitted and emphasis added)). And common sense may have a role in determining what types of violations are objectively likely to affect the government's decision to pay. *See, e.g.*, *United States v. Triple Canopy, Inc.*, 857 F.3d 174, 178 (4th Cir. 2017). But where, as here, there is not a tight fit between the implicit misrepresentation and the service provided, "broad appeals" to common sense and the asserted "importance of a given regulatory [or statutory] requirement cannot clear the rigorous materiality hurdle." *Foreman*, 19 F.4th at 116 (internal quotation marks omitted). For these reasons, we see no error in the district court's conclusion that Relators failed to prove material misrepresentations sufficient to support an FCA claim.

Nor do we find that the district court procedurally erred by entering a judgment on partial findings under Federal Rule of Civil Procedure 52(c). Under that rule, "[i]f a party has been fully heard on an issue during a nonjury trial and the [district] court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed.

8

R. Civ. P. 52(c). Relators contend that a Rule 52(c) judgment on partial findings was improper because they had not yet been fully heard, but Relators fail to recognize that such a judgment is permissible as long as a party is "fully heard *on [the] issue*" on which the judgment rests. *Id.* (emphasis added); *Brutton v. United States*, 687 F. App'x 56, 58 (2d Cir. 2017) ("In a bench trial, the district court may rule against a party on a particular issue after the party has been fully heard *on that issue*." (emphasis added)). Furthermore, "the right to be fully heard under Rule 52(c) does not amount to a right to introduce every shred of evidence that a party proffers without regard to the probative value of the evidence." Arthur R. Miller, *Judgment on Partial Findings*, *in* 9C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2573.1 (3d ed. Apr. 2022 Update); *see also EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 272 & n.21 (3d Cir. 2010).

Here, Relators were fully heard on the issue of materiality, and thus a judgment on partial findings based on Relators' failure to prove materiality was proper. Relators expressly confirmed to the district court that their case-in-chief had concluded, with the exception of further cross-examination by Northern's counsel and possible redirect examination by Relators' counsel of one of Relators' witnesses whose cross-examination had been suspended to arrange for an

9

interpreter. In Relators' own words, that witness's further cross-examination and redirect examination would only continue to address "the depth of the discrimination at Northern" – evidence not crucial to the issue of materiality. Reply Br. at 27. Indeed, Relators consented to this procedure, failing to object when the district court made clear that it intended to *first* rule on Northern's motion for a judgment based on partial findings (including on materiality) and *then* continue the witness's cross-examination if the case survived that motion. Under these circumstances, we see no error.[2]

## II. Discovery and Evidentiary Rulings

Additionally, Relators contend that the district court erred when it granted Northern's pre-trial motions in limine to exclude (1) certain documents obtained from the DOH and (2) the testimony of Leslie Rosen, a former dietitian at Northern. We also reject these challenges.

As an initial matter, we find that – contrary to Northern's assertions – we have jurisdiction to review the August 16, 2021 order. In relevant part, Relators'

---

[2] We also reject Relators' contention that the district court's findings were too conclusory to comply with Federal Rule of Civil Procedure 52(a). We find that the partial findings were more than adequate, as they were "sufficiently detailed . . . to [explain] the basis of the decision and to permit intelligent appellate review." *Krieger v. Gold Bond Bldg. Prods.*, 863 F.2d 1091, 1097 (2d Cir. 1988).

10

notice of appeal states that "[n]otice is hereby given that [Relators] hereby appeal . . . from the Memorandum and Order dated and entered August 25, 2021 (Document No. 219) granting [Northern's] Motion under Fed. R. Civ. P. 52(c) (Judgment on Partial Findings)." J. App'x at 2894. Because the notice of appeal expressly designated the August 25, 2021 Rule 52(c) order, which adjudicated all remaining claims and the rights and liabilities of all remaining parties, the newly amended Federal Rule of Appellate Procedure 3(c)(5)(A) provides that the notice of appeal should be read broadly to encompass the final judgment. *See* Catherine T. Struve, *Contents of the Notice of Appeal*, *in* 16A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3949.4 (5th ed. Apr. 2022 Update). It likewise follows, under the newly amended Rule 3(c)(4), that the notice of appeal from the final judgment also encompasses any orders – including the August 16, 2021 order – that merged into that final judgment for purposes of appeal. *See id.*; *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 192 (2d Cir. 1999).[3]

---

[3] The new version of Federal Rule of Appellate Procedure 3 became effective December 1, 2021 and "govern[s] in all proceedings in appellate cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Order Adopting Amendments to the Federal Rules of Appellate Procedure at 3 (2021); *see also Gonpo v. Sonam's Stonewalls & Art, LLC*, 41 F.4th 1, 10–11 (3d Cir. 2022). We see nothing unjust or impracticable about retroactively applying the amendments to Rule 3 and are aware of no prejudice that Northern could have suffered from having to defend the evidentiary issues on the merits notwithstanding Relators' inartful drafting

In reaching the merits, however, we find no error in the district court's August 16, 2021 order. We review discovery rulings and scheduling matters for abuse of discretion. *See Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014) (discovery); *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (scheduling). Here, the district court did not abuse its discretion in declining to reopen discovery to admit almost 50,000 pages of Medicaid claims data and program application forms that were improperly obtained from the DOH pursuant to a subpoena issued under Federal Rule of Civil Procedure 45 more than three years after the close of discovery and just three months before trial. Relators had ample time to request – and if necessary, compel – the production of the documents from either Northern or the DOH during the discovery period, which itself ended four years after Relators initiated this lawsuit. *See Grochowski*, 318 F.3d at 86 ("[T]he Court's scheduling order 'shall not be modified except upon a showing of good cause,'" and "[a] finding of good cause depends on the diligence of the moving party." (quoting Fed. R. Civ. P. 16(b)). Under these circumstances,

---

of the notice of appeal. Indeed, Northern fully addressed the merits of Relators' enumerated challenges in their appellate brief. It also bears noting that we have found jurisdiction under similar circumstances even without applying the 2021 amendments to Rule 3. *See Laguerre v. Nat'l Grid USA*, No. 20-3901-cv, 2022 WL 728819, at *5 n.6 (2d Cir. Mar. 11, 2022).

we cannot say that the district court abused its discretion in denying Relators' motion.[4]

Nor did the district court abuse its discretion when it precluded the testimony of dietitian Leslie Rosen under Federal Rule of Civil Procedure 37(c)(1). *See Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). Rule 37(c)(1) provides that where, as here, "a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Surveying the four factors required by our case law, *see Patterson*, 440 F.3d at 117; *see also Outley v. City of New York*, 837 F.2d 587, 590–91 (2d Cir. 1988), the district court reasonably determined that Relators' failure was not substantially justified or harmless, given that (1) even after Relators learned of Rosen and spoke with her multiple times, Relators inexplicably waited nine months before disclosing her to Northern; (2) Rosen's potential testimony was of

---

[4] Relators have failed to establish whether Exhibit 51 was in fact excluded and, if so, why. In any event, to the extent that Exhibit 51 was excluded because it was part of the DOH Rule 45 production, we affirm its exclusion for the reasons described above. To the extent that Exhibit 51 was excluded because it was inadmissible hearsay or could not be authenticated, we decline to consider that issue because Relators failed to raise it in their opening brief. *See McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009).

diminished relevance as she did not work at Northern for almost the entirety of Relators' damages period; (3) Northern would be prejudiced if it were forced to respond to such new evidence on the eve of trial; and (4) a continuance would greatly delay the trial, which had already been rescheduled twice and could not have been easily adjourned given the district court's schedule. We discern no error in the district court's ultimate conclusion that these factors, considered in the aggregate, weighed in favor of exclusion.

\* \* \*

We have considered all of Relators' remaining arguments and find them to be meritless. Accordingly, we **AFFIRM** the judgment of the district court.[5]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] Northern's motion to strike portions of Relators' reply brief, Doc. No. 95, is denied as moot.